UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

                     Plaintiff,

     v.

CRUISE LINES INTL,

                     Defendants.

Case No. 2:26-cv-00259-JNW-TLF

REPORT AND RECOMMENDATION

NOTED FOR MARCH 25, 2026

This matter comes before the Court on plaintiff John Robert Demos, Jr's Proposed 1983 Complaint. Dkt. 1. Attached to the Complaint is a motion and affidavit to proceed *in forma pauperis*, as well as a trust account statement. *Id.* at 13-18. As discussed below, the action should be dismissed without prejudice.

**DISCUSSION**

**A.     Proposed Civil Rights Complaint**

Mr. Demos was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 94 Wash. 2d 733, 734 (1980). Mr. Demos is under pre-filing bar orders in several courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam). The Bar Order of this Court provides that Mr. Demos may submit only three IFP applications and proposed actions each

REPORT AND RECOMMENDATION - 1

year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ["1992 Bar Order"]; *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1992).

The 1992 Bar Order further provides that this Court will not accept a filing of a proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Mr. Demos] can and will produce evidence to support his claims." 1992 Bar Order at 3. Mr. Demos did not submit the required affidavit with his proposed complaint.

Additionally, under 28 U.S.C. § 1915(g), Mr. Demos must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had many prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

The Court should hold that Mr. Demos may not proceed with this action. Mr. Demos names Cruise Lines International as defendant and lists 13 other cruise lines in his complaint. Dkt. 1, Proposed Complaint. Mr. Demos alleges "the Seattle + Yakima County Police Departments turned loose their privateers, dragoons, warships" upon plaintiff to seize, capture, and arrest him. *Id.* He further alleges the vessels disguised patrol boats and seized plaintiff in Native American treaty waters and this led to unconstitutional seizure, capture, arrest, trial, conviction, sentencing, and imprisonment. *Id.* He additionally lists a host of unnamed King County officials as people who played a key role his imprisonment (i.e. prosecutors, police, detectives, etc…). *Id.* It is unclear what relief he seeks.

NOTED FOR MARCH 25, 2026 - 2

Mr. Demos' proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Ruiz v. Woodfill*, No. 2:20CV2078, 2020 WL 7054389, at *2 (E.D. Cal. Dec. 2, 2020), *report and recommendation adopted*, No. 2:20-CV-02078, 2021 WL 148385 (E.D. Cal. Jan. 15, 2021); *Andrews*, 493 F.3d at 1057 n. 11.

To meet his burden under § 1915(g), a plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Mr. Demos' allegations do not establish he was in imminent danger of serious physical injury at the time he filed his complaint.

Accordingly, for the reasons outlined above, the undersigned recommends Mr. Demos' action should be dismissed without prejudice and the IFP application (Dkt. 1) should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can

result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **March 25, 2026**, as noted in the caption.

Dated this 11th day of March, 2026.

Theresa L. Fricke
United States Magistrate Judge

NOTED FOR MARCH 25, 2026 - 4