UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS, JR.,

Plaintiff,

v.

CRUISE LINES INT'L et al.,

Defendants.

CASE NO. 2:26-cv-00259-JNW

ORDER ADOPTING REPORT AND RECOMMENDATION

On March 11, 2026, the U.S. Magistrate Judge Theresa L. Frick issued a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff John Robert Demos, Jr.'s Section 1983 complaint. Dkt. No. 3. Demos filed a timely objection to the R&R, which is now before the Court. Dkt. No. 3. Having conducted a de novo review of the R&R, Demos's objections, and the relevant record, the Court OVERRULES Demos's objections, ADOPTS the R&R, and DISMISSES the case without prejudice.

Federal Rule of Civil Procedure 72 allows a party to file written objections to a R&R within fourteen days. Fed. R. Civ. P. 72(b)(2). The objections must be "specific" and relate "to the [R&R's] proposed findings and recommendations." *Id.*

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The resulting order need not address each objection specifically. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) ("We have presumed that district courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections.").

Plaintiff is a state prisoner and a prolific litigant who is under pre-filing bar orders in multiple jurisdictions, including this District, the Eastern District of Washington, Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). One of those orders from the Western District of Washington provides that Plaintiff may submit only three applications to proceed in forma pauperis ("IFP") and proposed actions each year. *See In re John Robert Demos*, No. MC91-269- CRD (W.D. Wash. Jan. 16, 1992) ("1992 Bar Order"); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). The 1992 Bar Order also requires that courts reject any proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Demos] can and will produce evidence to support his claims." 1992 Bar Order at 3.

Additionally, under 28 U.S.C. § 1915(g), Demos must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had many prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

Having conducted a de novo review, the Court agrees with the R&R. Demos has neither plausibly alleged imminent harm nor stated a plausible claim upon which relief may be granted. His complaint names 14 different cruise lines as defendants, but alleges no facts plausibly connecting them to any cognizable legal claim. Dkt. No. 1. Dismissal is also independently warranted because Demos failed to submit the affidavit required by the 1992 Bar Order. His objections, Dkt. No. 3, do not cure these deficiencies.

Accordingly, the Court orders as follows:

1.  The Court ADOPTS the Report and Recommendation and OVERRULES Plaintiff's objections. Dkt. No. 2.

2.  The Clerk is DIRECTED to close this case.

Dated this 10th day of April, 2026.

Jamal N. Whitehead
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 3